UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

        -v-

DANTE COISCOU,

              Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC. #:
DATE FILED: _6/24/11_

**OPINION AND ORDER**

11 Mag. 1638 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

    The Government has brought a criminal complaint against Defendant Dante Coiscou ("Coiscou"), charging him with intentionally and knowingly attempting to distribute, and possessing with the intent to distribute, marijuana (specifically, 100 or more marijuana plants) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). Currently before the Court is Coiscou's motion to dismiss the complaint for failure to establish probable cause to believe that he (1) constructively possessed the marijuana plants he has been accused of possessing; and (2) had the intent to distribute those plants. For the reasons set forth below, Coiscou's motion is denied.

<h3 style="text-align:center">I.    BACKGROUND</h3>

    The complaint alleges the following: On June 20, 2011, Coiscou was arrested inside an apartment in the Bronx ("Apartment-1") that was being used as a "marijuana grow house"—a space containing marijuana plants, sodium lights, transformers, water pumps, air conditioners, fans, and other equipment used to facilitate the growth of marijuana plants indoors. Complaint dated June 21, 2011 ("Compl." or the "complaint") ¶¶ 4, 12 (Dkt. No. 1). In the previous six months, one of the residents of the building in which Apartment-1 is located observed Coiscou entering and leaving Apartment-1 and

another apartment in the building ("Apartment-2") on multiple occasions. Id. ¶ 8.  On

June 9, 2011, the Honorable Debra Freeman, United States Magistrate Judge, authorized

a search warrant for Apartment-1, and all locked or closed containers contained therein.

Id. ¶ 9.

On June 20, 2011, DEA agents observed Coiscou meet with another individual

outside the apartment building in which Apartment-1 is located and together enter the

building after Coiscou unlocked the building's front door. Id. ¶ 10.  The agents then

observed Coiscou use several keys that he took from his pocket to unlock the various

locks on the door to Apartment-1 and, along with his companion, enter the apartment. Id.

¶ 10.  Apartment-1's door had three deadbolt locks above the door handle, while other

apartments on the same floor had only one. Id. ¶ 7(b).

To execute the search warrant authorized for Apartment-1, DEA agents knocked

on the door and announced their presence. Id. ¶ 11.  After Coiscou did not open the door

of Apartment-1 in response to the knocks, the agents forcibly opened the door and

observed Coiscou and his companion, along with 96 marijuana plants and various pieces

of specialized equipment used for growing marijuana. Id. ¶ 11-12.  The agents also saw a

toolbox containing tools bearing Coiscou's first name and that they did not observe

Coiscou previously bring into the apartment. Id. ¶ 12.  After Coiscou was placed under

arrest, he waived his Miranda rights and told the agents that he had been inside

Apartment-2 in the past, that he had a key for it, and provided the agents with consent to

search Apartment-2. Id. ¶ 13.  In a subsequent search of Apartment-2, the agents

observed 88 marijuana plants and, again, various equipment used for growing marijuana.

Id. ¶ 14.

On June 21, 2011, Coiscou made his initial appearance before the Court pursuant to Rule 5 of the Federal Rules of Criminal Procedure. At the Rule 5 proceeding, the Government presented the complaint in this case, which was sworn to by the case agent and signed by the Court upon a finding of probable cause. Following Coiscou's consent to be detained without prejudice to a future bail application, his counsel made an application to dismiss the complaint, arguing that it did not establish probable cause to believe that he constructively possessed the marijuana plants. I reserved decision on this application and directed the parties to provide letter-briefs that addressed (1) whether I have the authority to dismiss a complaint in these circumstances; and (2) whether the complaint sufficiently established probable cause. On June 22, 2011, Coiscou submitted his motion to dismiss in letter form. Letter to the Hon. James L. Cott, dated June 22, 2011 ("Def.'s Letter") (Dkt. No. 4). The Government responded by letter-brief later that day. Letter to the Hon. James L. Cott, dated June 22, 2011 ("Gov't's Letter") (Dkt. No. 6).

## II.   **DISCUSSION**

### A.   **The Court Has The Authority To Dismiss The Complaint**

The threshold issue is whether I have the legal authority to dismiss a complaint for lack of probable cause at or after an initial appearance following an arrest (and before any preliminary hearing). Coiscou contends that I have this authority because "a complaint that fails to establish probable cause 'would have to be dismissed.'" Def.'s Letter at 2 (quoting United States v. Tejada, No. 06 Mag. 770 (GWG), 2006 WL 1669695, at *1 (S.D.N.Y. June 19, 2006)). Although the Government does not contend that I lack the authority to dismiss the complaint, it responds that Coiscou is in essence

3

asking the Court to reconsider its earlier finding that probable cause existed when it signed the complaint. Gov't's Letter at 1.  The prior finding is a factor that at least one court, in slightly different circumstances, found weighed against the conclusion that a magistrate judge has such authority.  See United States v. Kang, 489 F. Supp. 2d 1095, 1096 (N.D. Cal. 2007) (motion to dismiss complaint after initial appearance impermissibly assumes magistrate judge adjudicating motion has authority to review probable cause ruling of magistrate judge who swore out and signed complaint).

I begin my analysis with the relevant statute and provisions of the Federal Rules of Criminal Procedure.  The Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A), provides in relevant part that a magistrate judge may "hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss or quash an indictment or information made by the defendant, . . . ."  The statute, however, does not address a magistrate judge's authority to dismiss a complaint at or after an initial appearance following an arrest.  Nor do the Federal Rules of Criminal Procedure.  Rule 5—the provision applicable to initial appearances—provides only that where, as here, a "defendant is arrested without a warrant, a complaint meeting Rule 4(a)'s requirement of probable cause must be promptly filed in the district where the offense was allegedly committed."  Fed. R. Crim. P. 5(b).

Instead, only Rule 5.1—the provision applicable to preliminary hearings—gives a magistrate judge the explicit authority to dismiss a complaint for lack of probable cause; indeed, the Rule requires it.  See Fed. R. Crim. P. 5.1(f) ("If the magistrate judge finds no probable cause to believe an offense has been committed or the defendant committed it, the magistrate judge must dismiss the complaint and discharge the defendant.  A

4

discharge does not preclude the government from later prosecuting the defendant for the same offense." (emphasis added)).  A preliminary hearing thus provides independent screening by a magistrate judge of the prosecution's decision to charge—a screening which becomes unnecessary if a defendant is indicted by a grand jury or the Government files an information.  See Fed. R. Crim. P. 5.1(a) (preliminary hearing mandatory unless, among other reasons, defendant indicted or information filed); Wayne R. LaFave, et al., 4 Criminal Procedure § 14.1(a) (3d ed. 2007) ("[M]ost courts view this screening objective as the sole legally cognizable purpose of the preliminary hearing.").  As a practical matter, preliminary hearings in felony cases are often mooted by the grand jury's return of an indictment.  See, e.g., Stirone v. United States, 361 U.S. 212, 215 (1960) (Fifth Amendment requires Government to obtain grand jury indictment before it may prosecute any felony).

There are few written decisions that explore this issue, and the parties' briefing and my own research have identified only two.  In United States v. Tejada, a magistrate judge in this district denied a motion to dismiss a complaint, reasoning that the complaint sufficiently established probable cause.  2006 WL 1669695, at *1.  Though the court did not discuss whether it had the authority to adjudicate the motion, it proceeded as if it did, noting that "[i]f the complaint fails to charge an offense, it would have to be dismissed inasmuch as there would be no probable cause to believe a crime has been committed." Id., at *1 (citing Giordenello v. United States, 357 U.S. 480, 486 (1958)).  The court also relied on United States v. Jimenez, 421 F. Supp. 2d 1008 (W.D. Tex. 2006), a case denying a defendant's motion to dismiss the complaint after a preliminary hearing had already occurred, a posture different from that presented here.

5

In <u>United States v. Kang</u>, a magistrate judge reached the opposite result, concluding that the defendant had no legal basis for moving to dismiss the complaint prior to a preliminary hearing and calling into question whether the court even had the authority to adjudicate the motion.  489 F. Supp. 2d at 1096-97.  The court reasoned that the defendant was essentially asking it to review the probable cause finding of the magistrate judge who signed and swore out the complaint in accordance with Rule 3 and noted that it was unclear whether it had this authority.  <u>Id.</u> at 1096.  The court also observed that, as a practical matter, there "does not appear to be any reason to create such a motion[,]" because no later than 10 days after the defendant's initial appearance, either a grand jury or a magistrate judge at a preliminary hearing would be required to make a probable cause determination.  <u>Id.</u> at 1096-97.

I find the <u>Tejada</u> court's reasoning more persuasive and conclude that a magistrate judge has the authority to dismiss a complaint for lack of probable cause at or after an initial appearance.  I see little difference between dismissing a complaint for lack of probable cause at a preliminary hearing—as a magistrate judge must under Rule 5.1(f)—and dismissing the complaint at some point during or after an initial appearance but before a probable cause determination at such a hearing has been made.  Someone being denied his liberty on an insufficient complaint should not have to wait to be released, even for the relatively short period of time until a preliminary hearing takes place.  As Coiscou correctly notes, "[a] complaint that does not establish probable cause is 'invalid.'"  Def.'s Letter at 2 (quoting <u>Hollingsworth v. United States</u>, 321 F.2d 342, 348 (10th Cir. 1963)).

6

Further, the fact that a magistrate judge—here, the undersigned—may have taken the agent's oath and signed the complaint as required by Rule 3 and thus made an initial determination that probable cause exists as required by Rule 4 does not mean that the same or another magistrate judge may not later reach a different conclusion as to probable cause as legal arguments are presented in the adversarial process. Indeed, that is exactly what is contemplated by Rule 5.1(f). This is particularly so because, when the complaint is filed, "[t]he criminal process is still in the investigative stage, and 'the adverse positions of government and defendant' have yet to solidify." United States v. Alvarado, 440 F.3d 191, 200 (4th Cir. 2006) (quoting United States v. Gouveia, 467 U.S. 180, 189 (1984)). Thus, the filing of a complaint "can no more be characterized as 'the initiation of adversary judicial proceedings against the defendant,' than can the filing of an affidavit in support of a search warrant." Id. (quoting Gouveia, 467 U.S. at 187); see also United States v. Stein, 541 F.3d 130, 152 (2d Cir. 2008) ("The Supreme Court has 'pegged commencement of a prosecution to the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" (alterations omitted) (quoting Rothgery v. Gillespie County, 554 U.S. 191, 198 (2008)).

Here, the adverse positions of the Government and Coiscou have begun to solidify as evidenced by the thorough letter-briefs submitted to the Court (indeed, I have no doubt that many of the arguments counsel make in these letters are the same as those they would make at a preliminary hearing). There is thus no reason why I may not revisit my earlier probable cause determination now that I have had the benefit of argument by the parties.

For all of these reasons, I conclude that I have the legal authority to dismiss a complaint for lack of probable cause at or after an initial appearance following an arrest. I now turn to whether I should exercise such authority here.

### B.      The Complaint Sufficiently Establishes Probable Cause

Coiscou argues that the complaint does not sufficiently establish probable cause to believe that he (1) constructively possessed the marijuana plants he is accused of constructively possessing; and (2) had the intent to distribute those plants.  Def.'s Letter at 3-5.  In response, the Government emphasizes, among other things, that the complaint need not allege facts sufficient to support Coiscou's conviction beyond a reasonable doubt but only enough facts to support the much lower standard of probable cause, and contends that the information alleged in the complaint meets this comparatively low standard.  Gov't's Letter at 2.

### 1.      Probable Cause Standard

"[P]robable cause is 'a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules.'" United States v. Clark, 638 F.3d 89, 94 (2d Cir. 2011) (quoting Illinois v. Gates, 462 U.S. 213, 232 (1983)).  Thus, probable cause to arrest a person "exists if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." United States v. Valentine, 539 F.3d 88, 93 (2d Cir. 2008) (citing United States v. Patrick, 899 F.2d 169, 171 (2d Cir. 1990)).  It "requires neither a prima facie showing of criminal activity nor a showing that evidence of crime will more likely than

not be found. Rather, it requires only the possibility of criminal activity or the possibility that evidence of a crime will be found." United States v. Rodriguez, No. S1 07 Cr. 699 (HB), 2008 WL 52917, at *5 (Jan. 2, 2008) (internal citations and quotations omitted).

The Second Circuit has stressed that the "facts and circumstances" from which probable cause may be inferred need not reach "the level of evidence necessary to support a conviction," but they must be "more than rumor, suspicion, or even a 'strong reason to suspect.'" United States v. Fisher, 702 F.2d 372, 375 (2d Cir. 1983) (quoting Henry v. United States, 361 U.S. 98, 101 (1959)). Further, it is "well established . . . that a showing of probable cause cannot be negated simply by demonstrating that an inference of innocence might also have been drawn from the facts alleged." Walczyk v. Rio, 496 F.3d 139, 157 (2d Cir. 2007); see also United States v. Delossantos, 536 F.3d 155, 161 (2d Cir. 2008) ("The fact that an innocent explanation may be consistent with the facts alleged does not negate probable cause.") (citation and quotations omitted).

With these principles in mind, I now address Coiscou's contentions.

## 2. There Is Probable Cause To Believe That Coiscou Constructively Possessed The Marijuana Plants

Coiscou correctly notes that a defendant's mere presence in a space where contraband is present, even when the defendant knows about the contraband, is insufficient to establish that he constructively possessed it. Def.'s Letter at 3. Yet he confuses the proof required to establish probable cause with that required to sustain a guilty verdict at trial.

In order to sustain a conviction based on constructive possession of contraband, the Government must establish beyond a reasonable doubt "sufficient indicia of dominion and control" over the contraband. United States v. Rios, 856 F.2d 493, 496 (2d Cir.

1988) (citations omitted); see also United States v. Jones, 531 F.3d 163, 169 (2d Cir. 2008) (constructive possession must be supported by jury finding that defendant had "the power and the intention . . . to exercise dominion and control over" contraband (quoting United States v. Teague, 93 F.3d 81, 84 (2d Cir. 1996))).  Such indicia of dominion and control can be inferred, for example, where a defendant is the sole occupant of a room, the contraband is in plain view when the person is arrested, and the room contains certain personal effects of the defendant.  See Jones, 531 F.3d at 169 (constructive possession established where apartment was used solely to package and distribute drugs, defendant was sole person in locked apartment when arrested, there were no signs of residency in apartment or evidence linking others to apartment, and defendant's personal effects were in plain view); see also United States v. Traylor, 396 F. App'x 725, 727 (2d Cir. 2010) (summary order) ("[C]ircumstances of a defendant's presence may satisfy the less demanding standard of probable cause").

But, again, the Government need not establish this inference at this juncture, and based on the totality of the circumstances, the complaint establishes probable cause to believe that Coiscou constructively possessed the marijuana plants in Apartment-1 and Apartment-2.  The complaint alleged that Coiscou had keys providing him access to both apartments.  Compl. ¶¶ 10, 13.  (Notably, the door to Apartment-1 had three deadbolt locks above the door handle, while other apartments on the same floor had only one.  Id. ¶ 7(b)).  Further, it alleged that another resident of the building had witnessed Coiscou entering and exiting the apartments on a number of occasions in the past six months.  Id. ¶ 8.  In addition, it alleged the presence of Coiscou's personal effects in one of the apartments—a toolbox which contained tools labeled with Coiscou's name.  Id. ¶ 12.

The Government is not obligated to establish, for probable cause purposes, that Coiscou either rented or lived in either of the apartments.  This case bears some resemblance to Jones.  As in that case, the apartments here showed no signs of residency, were used solely for an illicit purpose, and one of the apartments contained some of Coiscou's personal effects.

While the allegations in the complaint may prove to be insufficient to establish Coiscou's guilt beyond a reasonable doubt at trial, they provide probable cause to believe that he maintained constructive possession of the contraband in the apartments.  To be sure, under any number of hypothetical scenarios, an inference of Coiscou's innocence might be drawn from the facts alleged, but this does not—and cannot—negate that there was sufficient probable cause here.  See, e.g., Walczyk, 496 F.3d at 157.  Indeed, "'to require otherwise would be to sub silentio impose a drastically more rigorous definition of probable cause than the security of our citizens demands.'"  Delossantos, 536 F.3d at 161 (quoting Illinois v. Gates, 462 U.S. 213, 244 n.13 (1983)).

As for the cases upon which Coiscou relies, each is distinguishable both on factual and legal grounds.  As a threshold matter, they do not involve challenges to the proof required to establish probable cause on a complaint but rather all evaluate the sufficiency of the evidence at trial or in sentencing proceedings.  Moreover, all of the cases involve different factual scenarios than the circumstances here, where Coiscou was arrested with the marijuana plants in plain view, had access to both apartments, had personal effects in one apartment, and had been observed entering and exiting both apartments on multiple occasions in the past six months.  Compl. ¶¶ 8, 10, 12, 13.  See United States v. Soto, 959 F.2d 1181 (2d Cir. 1992) (evidence adduced at trial sufficient

11

to establish that defendant packaged contraband where three crack packing stations were in operation before entry of agents and defendant and co-workers only people present in apartment upon entry); United States v. Francis, 462 F.3d 810 (8th Cir. 2006) (trial court improperly declined to impose sentence enhancement after making erroneous determination that defendant did not constructively possess large number of firearms); United States v. Cruz, 285 F.3d 692 (8th Cir. 2002) (evidence adduced at trial insufficient to establish constructive possession of contraband beyond reasonable doubt where no contraband in plain view and only evidence tying defendant to house containing contraband was defendant's possession of key to house, admission by defendant that he stayed at house, and police observation of defendant entering house); United States v. Holland, 445 F.2d 701 (D.C. Cir. 1971) (evidence adduced at trial insufficient to establish constructive possession of contraband where only evidence tying defendant to heroin in apartment rented by someone else was presence of men's clothes in apartment and where there was no proof that clothes belonged to or fit defendant); United States v. Jenkins, 90 F.3d 814 (3d Cir. 1996) (evidence adduced at trial insufficient to establish constructive possession of contraband where only evidence tying defendant to contraband was his presence in acquaintance's apartment and his physical location near drugs and drug paraphernalia); United States v. Daley, 107 F. App'x 334 (4th Cir. 2004) (per curiam) (evidence adduced at trial insufficient to establish constructive possession of contraband in apartment searched after defendant arrested in car where apartment was not defendant's, neighbors testified that they infrequently saw him in building, and the apartment contained none of defendant's personal effects).

For all of these reasons, I conclude that the complaint establishes probable cause to believe that Coiscou constructively possessed the marijuana plants in these apartments.

### 3.    There Is Probable Cause To Believe That Coiscou Had Intent To Distribute The Marijuana

Although Coiscou concedes that the "true owner" of the plants had the intent to distribute them (presumably based on the sheer number of the plants in the two apartments), he argues that there is no evidence in the complaint that he was the true owner or that he shared that owner's intent. Def.'s Letter at 5.  This argument, however, misses the point.  "Ownership" of the plants is not the issue; possession is.  Thus, in light of my conclusion that the complaint established probable cause to believe that Coiscou constructively possessed the plants in both apartments and in light of the large number of plants involved (184 between Apartment-1 and Apartment-2), there is probable cause to believe that Coiscou had intent to distribute as well.  See, e.g., United States v. Rios, 856 F.2d 493, 496 (2d Cir. 1988) (presence in room of suitcase containing eight kilograms of cocaine sufficient to establish intent to distribute); United States v. Pena, No. 89 Cr. 410, 1990 WL 103970 (SWK), at *5 (S.D.N.Y. July 18, 1990) (two kilograms of cocaine sufficient to establish intent to distribute but not, among other things, conspiracy to distribute).

Moreover, the two cases Coiscou cites in support of his position are unavailing. The Sixth Circuit in United States v. Smith, 20 F. App'x 258, 266-67 (6th Cir. 2001), did not discuss intent to distribute at all; it reversed a conviction for possession of methamphetamine and amphetamine with intent to distribute merely because it concluded that there was insufficient evidence adduced at trial for the trier of fact to find that the defendant possessed the narcotics to begin with.  Moreover, United States v. Ramirez,

13

880 F.2d 236, 238-39 (9th Cir. 1989), involved a factual circumstance readily distinguishable from the circumstances here as the defendant in that case was arrested in a house inhabited by his stepfather and mother (who was found guilty of the same charges as her son), and there was no evidence tying him to the drug ledgers, cocaine, and weapon in the house's master bedroom or establishing that he inhabited the house's master bedroom in any significant way (for example, by keeping his clothes there). Id. at 238-39. By contrast, Coiscou was arrested in Apartment-1 in plain view of the marijuana plants, and the apartment contained a toolbox bearing his first name, which the officers did not observe him bringing into the apartment. Compl. ¶ 12.

For all of the reasons, I conclude that the complaint establishes probable cause to believe that Coiscou had intent to distribute the marijuana at issue here.

### III.   CONCLUSION

In sum, though I conclude that I have the authority to dismiss the Government's complaint, I decline to exercise that authority here as the complaint establishes probable cause to believe that Coiscou violated 21 U.S.C. §§ 841(a)(1), (b)(1)(B). Accordingly, Coiscou's motion to dismiss the complaint is denied.

**SO ORDERED.**

Dated: New York, New York
June 24, 2011

JAMES L. COTT
United States Magistrate Judge

14

**Copies of this Opinion and Order have been sent to counsel by facsimile and by mail:**

Brian R. Blais
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007

Steven M. Statsinger
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, NY 10007